```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
SANDRA CROUCH, PATRICIA FITCH,  )   Civil Action No. 5:08-299-JMH
and DEBORAH PERRY,              )
                                )
     Plaintiffs,                )
                                )
v.                              )   MEMORANDUM OPINION AND ORDER
                                )
                                )
RIFLE COAL COMPANY, LLC,        )
                                )
                                )
     Defendant.                 )
                                )
```

         \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendant's Motion for Reconsideration [Record No. 42]. The Court, being fully advised, will deny Defendant's motion for the following reasons.

**I.  BACKGROUND**

The factual background of this case was described in detail in the Court's Memorandum Opinion and Order [Record No. 40] and does not warrant repetition here. In the Memorandum Opinion and Order [Record No. 40], the Court granted Defendant's Motion for Summary Judgment [Record No. 29] on all of Plaintiffs' claims except Plaintiff Sandra Crouch's ("Crouch") hostile work environment claim and Plaintiff Deborah Perry's ("Perry") unlawful termination and retaliation claims. The Court relied on evidence submitted by both Defendant and Plaintiffs in ruling on the Motion for Summary Judgment and determined that a genuine issue of material fact existed only in the three claims listed above. Defendant submitted

an unsigned affidavit which the Court did not consider as proper evidence under Rule 56(e). Defendant has now filed in the record a signed affidavit and asks the Court to reconsider the Motion for Summary Judgment in light of the "new" evidence in the signed affidavit, which is identical to the previous version, but now properly executed. The Defendant also argues that the Court did not properly rely on evidence in the record in its ruling on Perry's unlawful termination and retaliation claims. Defendant's arguments are without merit, but the Court uses this opportunity to clarify its ruling on the Motion for Summary Judgment, without altering the ruling on that motion.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 54(b) provides "that in the absence of a direction to enter judgment on one of several claims presented in an action, 'any order . . . which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claim.'" *Huss v. King Co.,* 338 F.3d 647, 651 n.4 (6th Cir. 2003) (citing Fed. R. Civ. P. 54(b)). Prior to the entry of a final judgment, this Court has the inherent power to reconsider any portion of its previously entered interlocutory orders. *Marconi Wireless Tel. Co. of Am. v. United States,* 320 U.S. 1, 47-48 (1943); *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 Fed.Appx. at 959 (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D. Ohio 1998).

**III. DISCUSSION**

The Court will deny Defendant's Motion to Reconsider. The Court finds, however, that some additional clarification of the Court's Memorandum Opinion and Order [Record No. 40] is warranted and provides that clarification herein.

**A. The Court will not reconsider based on the signed affidavit**

Defendant attached as Exhibit 1 to its Motion for Summary Judgment a purported affidavit of Barrett Frederick. The affidavit lacked the affiant's signature and notarization. The Court is unwilling to give Defendant a "second bite at the apple" by now reconsidering the Motion for Summary Judgment in light of the signed and notarized affidavit that Defendant filed in the record on November 16, 2009 [Record No. 41]. Defendant has not argued or demonstrated that there has been a change in controlling law, newly discovered evidence that was previously unavailable even with due diligence, or a need to correct a clear error or to prevent a manifest injustice which would warrant reconsideration of the Motion for Summary Judgment with the signed affidavit. *Id.*

-3-

Defendant's argument for granting the Motion for Reconsideration based on the signed affidavit is essentially, "I forgot."[1] The fact that Defendant "forgot" to file the signed and notarized affidavit, while unfortunate for Defendant, does not warrant reconsideration of the Motion for Summary Judgment.

Furthermore, Defendant attempts to re-argue its case in its Motion for Reconsideration, citing certain deposition testimony of Crouch.[2] [Defendant's Motion for Reconsideration 3, Record No. 42.]

---

[1] Counsel for Defendant attempts to transfer some of the blame for the failure to file the signed affidavit to a member of Barrett Frederick's staff who was supposed to mail the document. The Court takes this opportunity to remind counsel that it is his responsibility to file documents in a timely manner. To "pass the buck" to a staff member in someone else's office is to fail to assume responsibility for tasks for which counsel alone is accountable.

[2] Furthermore, this argument boggles the Court's mind. Defendant attempts now to rely on Sandra Crouch's statement that she read the Rifle Safety Manual, which apparently contains the non-harassment policy. However, Defendant never identified in any previous pleading that the Safety Manual was a document which contained the non-harassment policy. In other words, prior to the present time, the Court had no evidence before it of whether or not Plaintiffs ever received the non-harassment policy. Frankly, the Court cannot be expected to gather this information out of the ether.
   Even Crouch's admission that she understood she could have complained to someone in the Rifle office but chose not to do so does not satisfy the first prong of the *Ellerth/Faragher* defense, which Defendant itself stated is satisfied when an employer "has promulgated and enforced a sexual harassment policy." [Defendant's Motion for Summary Judgment 9 (citing *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 274 (6th Cir. 2009).] Defendant offered no admissible evidence to show that it "promulgated and enforced" a non-harassment policy. Rather, Defendant offered evidence that Rifle project manager Donnie Gunnel admitted to Deborah Perry, "everybody knows what Scotty [Collins] is; we've talked to him, and we've told him to stay away from the women."

The Court read and considered this evidence when the Court ruled on the Motion for Summary Judgment. Defendant has not offered any reason, such as a change in controlling law or to prevent a manifest injustice, which warrants the Court reconsidering that same evidence now.

**B. The Court relied on evidence in the Record in denying the Motion for Summary Judgment with respect to Perry's unlawful termination/retaliation claims.**

Defendant erroneously argues that the Court "relies on facts never articulated by the Plaintiff and also makes an argument never articulated by Plaintiff" in determining that a genuine issue of material fact exists precluding granting summary judgment on Perry's unlawful termination/retaliation claims. [Def.'s Mot. Recons. 4, Record No. 42.] The Court relied in part on evidence the Defendant submitted with its Motion for Summary Judgment in denying the motion with respect to those claims. Defendant presented deposition testimony of Perry in which she stated, "I . . . went to work for Rifle in May of 1992, and I worked with Rifle for 15 years." [Defendant's Motion for Summary Judgment, Perry Deposition, 8:11-14, Record No. 29.] In further deposition testimony that Defendant submitted, Perry described that she started working for Rifle Coal on a "job" on "172 in West Liberty" and later she worked on the Fleming County job, which was actually

---

[Def. Mot. Summ. J., Perry Deposition, 100:11-15.] The Court has scarcely seen a defendant rest its case successfully on this type of evidence.

-5-

two road projects in Fleming County that eventually connected. [Perry Depo. 9:21-23, 62:11-63:13.] Perry also discussed working in multiple job capacities, including as an operator of a compactor, operator of a truck, and as a flagger. [Perry Depo. 10:4-5, 62:3-6, 63:4-7, 64:22-23, 65:21-25, 67:23-25.]

The Defendant again attempts to obtain a "second bite at the apple" by re-arguing its case for summary judgment in the Motion for Reconsideration. While the Court will not reiterate its entire analysis for denying summary judgment on Perry's unlawful termination/retaliation claims (which the Court analyzed as indistinguishable claims in the Opinion), the Court will clarify that once Plaintiff establishes a prima facie case of retaliation, the burden shifts to the Defendant to produce evidence of a legitimate, nondiscriminatory reason for the discharge. *Russell v. Univ. of Toledo*, 537 F.3d 596, 609 (6th Cir. 2008). The Defendant argues in its Motion for Reconsideration that the unsigned, unnotarized affidavit of Barrett Frederick presents this evidence. The Court discussed at length in its Memorandum Opinion and Order the reasons for rejecting the affidavit as proper evidence under Rule 56(e). The Court clarifies that the burden was on Defendant to produce any evidence to show that Perry's termination was due to a legitimate, nondiscriminatory reason. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981). Defendant made this blank assertion in its Motion for Summary Judgment but failed to produce any evidence the Court could consider to support it, and

-6-

thus, did not meet its burden of showing that a legitimate, nondiscriminatory reason existed for Perry's termination. *Id.* (stating that the proffered reason for the adverse employment action must be "set forth, through the introduction of admissible evidence."). The Court continued with the analysis in the Memorandum Opinion and Order, however, in order to state that even if Defendant offered evidence of a legitimate nondiscriminatory reason, a reasonable juror could still find, based on the additional evidence that Plaintiffs submitted, that Defendant's reason for the termination was pretextual.

Defendant argues that it was not able "to respond to and address the issues raised in the Court's Order[,]" but this argument is without merit. First, Defendant failed to properly establish its legitimate, nondiscriminatory reason for terminating Perry. Second, Plaintiffs make all of the arguments addressed in the Court's Memorandum Opinion and Order in their Complaint or their Response, and offer support in their deposition testimony. Although the Plaintiffs do not raise these issues as articulately as the Court, the issues are apparent. Plaintiffs argued "pretext" without using that term, in their Response, citing deposition testimony that Plaintiff Perry was constantly berated with questions after her meetings with Kentucky Transportation Cabinet investigators, that she made it clear to management that she believed Crouch and Fitch had been discriminated against, that she would "tell the truth" about the discrimination, and was told by a

-7-

member of Rifle management that if Crouch had not spoken to the state, she would still be working for Defendant. Defendant admits that work on the Fleming County job continued for a considerable amount of time after Perry's termination and that additional employees were added on the Fleming County job after Perry's termination. [Def.'s Mot. Recons. 5, Record No. 42.] The Court relied on all of these facts to reach the conclusion that a reasonable juror could find that Defendant's stated reason for Perry's termination was pretextual.

Although the Defendant argues in its Motion for Reconsideration that "[t]he only undisputed circumstantial evidence which exists on this issue is the temporal proximity between Perry's being laid off and the Transportation Cabinet report[,]" Defendant is incorrect. [Def.'s Mot. Recons. 6, Record No. 42.] The "disputed" evidence Defendant cites to in its motion is evidence which was presented in the unsigned affidavit of Barrett Frederick, which the Court declined to consider in ruling on the Motion for Summary Judgment, thus leaving the evidence in support of Perry's arguments undisputed and creating a genuine issue of material fact which precludes granting summary judgment as to these claims. Defendant now re-argues its case and asks the Court to consider evidence presented in the "new," signed and notarized affidavit. Defendant admits, however, that if the Court had considered the unsigned affidavit, it would have merely "created an issue of fact" regarding Perry's termination, which falls short of

-8-

meeting Defendant's burden of production. [Def.'s Mot. for Recon., 5, Record No. 42.] *Burdine*, 450 U.S. at 254 ("the defendant's evidence [must] raise[] a *genuine* issue of fact as to whether it discriminated against the plaintiff." (emphasis added)).

The Court will not reconsider the Motion for Summary Judgment based on the "new" signed and notarized affidavit because to do so would unfairly give Defendant a second chance to present evidence that should have been presented during the summary judgment stage of this proceeding.  Additionally, Defendant has completely failed to demonstrate that a change in controlling law, newly discovered evidence that was previously unavailable even with due diligence, or a need to correct a clear error or to prevent a manifest injustice necessitates reconsidering the Motion for Summary Judgment with respect to Perry's unlawful termination/retaliation claims.

**IV. CONCLUSION**

Defendant has failed to demonstrate any reason that the Court should reconsider its ruling on the Motion for Summary Judgment.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration [Record No. 42], be, and the same hereby is, **DENIED**.

This the 19th day of November, 2009.



Signed By:

<u>Joseph M. Hood</u>

Senior U.S. District Judge